IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERLIE DANIELS JR,

    Plaintiff,

v.                                                CASE NO. 5:11-cv-358-MP-GRJ

BILL MCCOLLUM, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a Civil Rights complaint on the Court's standard form against 29 defendants and seeks leave to proceed as a pauper. (Docs. 1, 3.)  For the reasons discussed below, it is respectfully **RECOMMENDED** that the motion for leave to proceed as a pauper be denied and this cause be dismissed pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's complaint is largely a chronicle of his prior lawsuits, but it appears that the gravamen of his claim is that he "now challenges that his sentences not a duly conviction or final sentence" and wants to address DNA and evidentiary issues related to his underlying convictions for armed sexual battery, attempted sexual battery, armed burglary, and armed robbery.  (Doc. 1, pp. 19, 25.)  As relief Plaintiff seeks, among other things, to use § 2254, DNA testing, and for his case to be reopened.  (*Id.* at 26.)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule.  Plaintiff previously filed two cases in this Court and one in the Middle District of Florida which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  See Daniels v. Minick, No. 1:94-cv-10098-MP (N.D. Fla. May 15, 1995) (dismissed under § 1915); Daniels v. Richardson, No. 5:04-cv-184-LC-MD (N.D. Fla. Nov. 2, 2004) (dismissed as malicious); Daniels v. Cargill Paramount Poultry, No. 3:92-cv-548-WTH (M.D. Fla. June 22, 1992) (dismissed as frivolous).

Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and there is no suggestion in the allegations in the Complaint that Plaintiff is in "imminent danger of serious physical injury."  Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger.

Alternatively, Plaintiff's case should also be dismissed as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B).  A dismissal as frivolous is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on

"clearly baseless" factual allegations. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Plaintiff's attempt to use § 1983 to relitigate his underlying convictions is "indisputably meritless" and to the extent a judgment in favor of Plaintiff would imply that his sentence or conviction was invalid, his claims are barred by <u>Heck</u>. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994) (a § 1983 Plaintiff may only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" if he can demonstrate that the conviction or sentence has been invalidated).

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and pursuant to 28 U.S.C § 1915(e)(2)(B) because Plaintiff's claim is frivolous.

2.  The dismissal of this case counts as a strike pursuant to 28 U.S.C § 1915(g).

3.  Plaintiff's motion for leave to proceed as a pauper, Doc. 3, should be **DENIED.**

**IN CHAMBERS**, at Gainesville, Florida, this 27th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:11-cv-358-MP-GRJ*